IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANDRA BUTLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 2:18-cv-02660-TLP-tmp |
| v. | ) |
| | ) |
| ANGELA OWENS, Warden, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION UNDER 28 U.S.C. § 2241,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Andra Butler[1] petitioned pro se for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition") and paid the filing fee. (*See* ECF Nos. 1 & 4.)  He later corrected his § 2241 Petition.  (ECF No. 5.)  And Respondent, Warden Angela Owens, responded in opposition.  (ECF No. 8.)  Because this case does not satisfy the stringent requirements for habeas relief under § 2241, the Court **DENIES** the § 2241 Petition.

**BACKGROUND**

I.   **Petitioner's Federal Criminal Case, No. 1:09-cr-10064 (W.D. Tenn.)**

In June 2009, a federal grand jury indicted Petitioner on one count of possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1); one count of possession of a firearm to advance a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(2); and one count of being a felon in possession of a firearm in violation of 18 U.S.C.

---

[1] Butler is a federal prisoner, Bureau of Prisons register number 22916-076.  The Government is housing him at the Federal Correctional Institution in Memphis, Tennessee.

§ 922(g). (Cr. No. 1:09-cr-10064, ECF No. 1 at PageID 1–2.) Shortly later, he entered into a plea agreement on all three counts under Federal Rule of Criminal Procedure 11(c)(1)(C). (ECF No. 57 at PageID 63–64.) Petitioner agreed that his prior criminal history of felony convictions supported an enhanced sentence of at least twenty years under 21 U.S.C. § 841(b) and at least fifteen years under 18 U.S.C. § 924(e). (*Id.* at PageID 64.) The parties agreed that his sentence would be a combined sentence of 20 years imprisonment. (*Id.*)

The presentence investigation report ("PSR") calculated his offense level at 28 after enhancements for specific offense characteristics. (*See* ECF No. 79 at PageID 113.) Petitioner was classified as an Armed Career Criminal and a Career Offender based on convictions including robbery, aggravated assault, sale of cocaine, unlawful possession of a controlled substance (cocaine) with intent to distribute, voluntary manslaughter, and possession of a controlled substance with intent to manufacture, deliver, or sell. (*Id.* at PageID 113–14.) His adjusted offense level was 37. (*Id.* at PageID 114.) After a reduction for acceptance of responsibility, Petitioner's guideline range of imprisonment was 262 to 327 months for an offense level of 34 and a criminal history category of VI. (*Id.*) But because he also pleaded guilty to the § 924(c) offense, the guideline range was raised to 322 to 387 months. (*Id.*) In November 2009, the Court sentenced Petitioner to 240 months imprisonment, to be followed by five years of supervised release. (*See* ECF No. 64.) He did not appeal or file a motion under 28 U.S.C. § 2255.

In March 2016, Petitioner moved for a reduction in his sentence under 18 U.S.C. § 3582(c), which the Court denied. (ECF Nos. 68 & 71.) Petitioner then filed a second § 3582 motion (ECF No. 72) which the Court denied (ECF No. 79.) There, the Court found that although he was eligible for a sentence reduction under the First Step Act, Petitioner's "serious

criminal history, failure to engage in legal employment, and reversion to criminal conduct are troubling" and that "there is a significant risk that, when released, he will re-offend in a manner dangerous to the public." (*Id.*)  Petitioner appealed that decision, which the Sixth Circuit dismissed in March 2020.  (ECF No. 84.)

## II.     Petitioner's § 2241 Petition, Civ. No. 2:18-cv-02660 (W.D. Tenn.)

Petitioner argues that this Court improperly amended the indictment when it sentenced him to sixty months for a nonexistent crime.  (Civ. No. 2:18-cv-02660, ECF No. 1 at PageID 3.) He contends that the wording of the judgment resulted from an improper combination of the language of the first and second clauses of 18 U.S.C. § 924(c)(1)(A).  (*Id.*)  Petitioner asserts that the judgment's reference to "possession . . . during and in relation to" a drug trafficking crime failed to convict him of any offensive conduct and that his conviction must therefore be reversed.  (*Id.* at PageID 9–10; *see* ECF No. 1-2 at PageID 27; *see also*, Crim. No. 1:09-cr-10064, ECF No. 66 at PageID 81.)

Petitioner argues that five of his seven Tennessee convictions[2] are void under Tennessee law and were improperly included as predicate offenses under the Armed Career Criminal Act ("ACCA").[3]  (Civ. No. 2:18-cv-02660, ECF No. 1 at PageID 10.)  He contends that the trial court sentenced him to concurrent sentences for his robbery under Tennessee Code Annotated § 39-13-402, aggravated assault under Tennessee Code Annotated § 39-13-102, and possession of cocaine with intent to sell under Tennessee Code Annotated § 39-17-407.  (*Id.* at PageID 11; *see*

---

[2] He argues his convictions for aggravated assault, robbery, and unlawful possession of cocaine with intent to sell or deliver are void.  (Civ. No. 2:18-cv-02660, ECF No. 1 at PageID 10.)

[3] The Tennessee felonies used as ACCA predicates were:  (1) a 1990 conviction for robbery, (2) a 1990 conviction for aggravated assault, (3) a 1992 conviction for sale of cocaine, (4) a 1995 conviction for voluntary manslaughter, and (5) a 2003 conviction for possession of a controlled substance with intent to deliver.  (*See* Civ. No. 2:18-cv-02660, ECF No. 8 at PageID 52.)

ECF No. 1-3.) He asserts that he was sentenced to concurrent terms for unlawful possession of cocaine with intent to sell under Tennessee Code Annotated § 39-17-407 and voluntary manslaughter under Tennessee Code Annotated § 39-12-211. (ECF No. 1 at PageID 11; *see* ECF No. 1-4.) Petitioner argues that his sentences must be consecutive rather than concurrent. (ECF No. 1 at PageID 12.) Based on Tennessee law, he argues that his sentences—although the result of a plea bargain—were illegal, should be voided in their entirety, and that this Court should not consider as predicate offenses under the ACCA. (*Id.* at PageID 12–13.)

## ANALYSIS

"Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). The "savings clause" in § 2255(e) authorizes federal prisoners to seek relief under § 2241 where "the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. "The circumstances in which § 2255 is inadequate and ineffective are narrow . . . ." *Peterman*, 249 F.3d at 461. "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (citations omitted). The Sixth Circuit has reserved § 2241 Petitions for cases in which a prisoner claims "actual innocence." *Peterman*, 249 F.3d at 461–62.

Until recently, "[c]laims alleging 'actual innocence' of a sentencing enhancement [could not] be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012). In *Hill*, the Sixth Circuit held that inmates can challenge their sentences under § 2241 if they can show

4

"(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice." *Hill v. Masters* 836 F.3d 591, 595 (6th Cir. 2016). As for the third requirement, that is satisfied by:

> (1) prisoners who are sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599–600 (parallel citations omitted).

Petitioner alleges that the predicate offenses used to enhance his sentence are based on offenses which should be void. His sentence does not satisfy the requirements of *Hill* because he was sentenced after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). The Sixth Circuit has explained that "[s]erving a sentence under mandatory guidelines (subsequently lowered by retroactive Supreme Court precedent) shares similarities with serving a sentence imposed above the statutory maximum. Both sentences are beyond what is called for by law and both raise fundamental fairness issues." *Hill*, 836 F.3d at 599 (citation omitted).

Here, the sentencing happened post-*Booker* so the guidelines were not mandatory. Nor has Petitioner filed a § 2255 Petition. *See Hueso v. Barnhart*, 948 F.3d 324, 329 (6th Cir. 2020) ("*Hill* still requires prisoners to show that their first § 2255 motion did not give them a 'reasonable opportunity' to advocate for the interpretation that the Supreme Court later accepted."). What is more, the Supreme Court has not made a later, retroactive change in statutory interpretation that would make Petitioner's previous convictions no longer predicate offenses for a sentencing enhancement. So Petitioner is not entitled to relief from his sentence under § 2241 based on *Hill*.

5

And Petitioner has not asserted actual innocence here, but only that the state court convictions which serve as predicate offenses are void under Tennessee law. Respondent argues that a defendant cannot collaterally attack state court convictions in federal court when that state court conviction has been used to enhance the federal sentence. (ECF No. 8 at PageID 56.) A prisoner may not challenge a prior state or federal sentence at his federal sentencing proceeding under *Custis v. United States*, 511 U.S. 485, 496–97 (1994), unless the prior conviction was invalid under *Gideon v. Wainwright*, 372 U.S. 335 (1963). Defendants cannot collaterally attack the validity of a prior state conviction used to enhance their federal sentences alleging the guilty plea in state court was unconstitutional. *See United States v. Bonds*, 48 F.3d 184, 186 (6th Cir. 1995).

The Sixth Circuit has also held that a defendant is precluded from collaterally attacking as void a state conviction used to enhance his federal sentence. *See United States v. Aguilar-Diaz*, 626 F.3d 265, 271 (6th Cir. 2010). As the court in *Aguilar-Diaz* noted, if the defendant "has a valid claim that his state conviction is truly void in its entirety, he could pursue that claim through state channels for seeking post-conviction relief. If successful, he could then petition the district court to review his sentence in light of the state court judgment." *Id.* at 270 (citations omitted). So Petitioner has no right to § 2241 relief based on his assertion that his state convictions are void.

If Petitioner argues that he was convicted of a non-existent offense relating to his § 924(c) violation, Respondent accurately points out that the indictment charged him with possession of a firearm in furtherance of a drug trafficking crime. And Petitioner voluntarily pleaded guilty to that charge to receive the agreed-upon sentence. (ECF No. 8 at PageID 55.) Respondent contends that even a clerical error in the judgment would not constitute a

fundamental defect in Petitioner's sentence and would not cause a complete miscarriage of justice.  (*Id.*); *see also*, *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018).

Petitioner here was properly charged under 18 U.S.C § 924(c) in the indictment and pleaded guilty to that charge under a written plea agreement.  He does not allege that he is actually innocent of the crime charged.  And unlike cases raised by Petitioner where the defendant is charged in the indictment with a nonexistent offense (a merger of offenses in § 924(c)) or the jury is presented with incorrect jury instructions, there is no concern in this case about whether the conviction was based on an actual crime.

Petitioner complains that the judgment was erroneously worded with the "during and in relation to" language, instead of "in furtherance of a drug-trafficking crime."  But this raises neither a constitutional nor a jurisdictional error and does not involve a fundamental defect which inherently causes a complete miscarriage of justice.  *See Snider*, 908 F.3d at 189.  And the alleged error in the judgment does not cause a sentence above what is authorized by law, given the charges against Petitioner and imposition of the sentence agreed upon in his Rule 11 plea agreement.  The asserted error does not rise to the level of requiring habeas relief.  *See Partee v. Stegall*, 8 F. App'x 466, 467 (6th Cir. 2001) (holding that petitioner had no right to habeas relief when he was tried, convicted, and sentenced for first-degree murder, but clerical error in trial court's mittimus cited statute governing second-degree murder).

Because Petitioner cannot invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to relief.  28 U.S.C. § 2243.  The Court therefore **DENIES** the § 2241 Petition.  Judgment will be entered for Respondent.

## APPELLATE ISSUES

Federal prisoners who file petitions under 28 U.S.C. § 2241 challenging their federal

custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. U.S. Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("A federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first move in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). That said, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

Because Petitioner is not entitled to relief, the Court determines that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Federal Rule of Appellate Procedure 24(a), that any appeal here would not be taken in good faith. So the Court DENIES leave to appeal in forma pauperis.[4]

---

[4] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or move to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.

**SO ORDERED**, this 21st day of July, 2020.

    s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE